1
2
3
4                                                                    *E-Filed 5/21/10*
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                              SAN FRANCISCO DIVISION
11

United States District Court
For the Northern District of California

12   THANH VAN DO,                              No. C 10-0759 RS (PR)

13              Petitioner,                     **ORDER STAYING PETITION**

14        v.

15   GARY SWARTHOUT, Warden,

16              Respondent.

17   _____/

18        This is a federal habeas corpus action filed by a *pro se* federal prisoner pursuant to 28

19   U.S.C. § 2254.  The petition contains four claims, three of which, Petitioner asserts, were

20   exhausted in state court.  Petitioner moves for a stay of the federal habeas proceedings

21   (Docket No. 8) until he has exhausted his fourth claim — that the trial court abused its

22   discretion in violation of petitioner's due process rights.

23        A district court may stay a mixed habeas petition, i.e., a petition containing both

24   exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as

25   to those claims that have not yet been presented to the state's highest court. *See Rhines v.*

26   *Webber*, 544 U.S. 269, 277–78 (2005).  In *Rhines*, the Supreme Court discussed the

27   stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when

28

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of good cause is required to stay the petition. *Id.* Once the claims are exhausted, however, the petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. *Id.* at 1140–41.

Petitioner having provided sufficient grounds for *Rhines* stay, the motion is GRANTED. Accordingly, petitioner does not have to worry that his newly-exhausted claim will be barred by the statute of limitations because that claim remains pending in federal court. *See King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009). The above-titled action is hereby STAYED until petitioner exhausts the unexhausted claim and, provided petitioner, within thirty (30) days of exhausting said claim, moves to reopen this action and lift the stay, for such additional period of time and until the Court thereafter orders the stay lifted.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

The order terminates Docket No. 8.

**IT IS SO ORDERED**.

DATED: May 20, 2010

RICHARD SEEBORG
United States District Judge